UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:16-CV-00035-RLV-DCK

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.

SUNENERGY1, LLC,

    Defendant.

SUNENERGY1, LLC'S ANSWER

Defendant SunEnergy1, LLC ("SunEnergy1") answers the Complaint ("Complaint") of Plaintiff Hartford Fire Insurance Company ("Hartford") as follows:

**First Defense**

SunEnergy1 responds to the numbered allegations of the Complaint as set forth below. Except as expressly admitted, SunEnergy1 denies the allegations of the Complaint.

Nature of the Action

1. Paragraph 1 states a legal conclusion and argument to which a response is neither necessary nor required. To the extent Paragraph 1 calls for a response, SunEnergy1 denies the allegations of Paragraph 1.

Parties

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted.

5. Admitted.

### Jurisdiction and Venue

6. Paragraph 6 states a legal conclusion to which a response is neither necessary nor required.

7. Paragraph 7 states a legal conclusion to which a response is neither necessary nor required.

### Background Facts

8. Admitted that Hartford issued to SunEnergy1 the "Inland Marine Insurance Policy" referenced in the Complaint. The "Inland Marine Insurance Policy" is a written document that speaks for itself. Except as expressly admitted, the allegations of Paragraph 8 are denied.

9. Admitted that Hartford issued to SunEnergy1 the "Inland Marine Insurance Policy" referenced in the Complaint. The "Inland Marine Insurance Policy" is a written document that speaks for itself. Except as expressly admitted, the allegations of Paragraph 9 are denied.

### First Cause of Action

(Breach of Contract)

10. SunEnergy1 incorporates by reference the responses set forth in the proceeding paragraphs as if fully set forth herein.

11. SunEnergy1 admits on information and belief that Hartford determined that SunEnergy1 owed additional premiums under the "Inland Marine Insurance Policy" referenced in the Complaint. SunEnergy1, however, has been unable confirm the amount Hartford claims SunEnergy1 owes as additional premiums and accordingly, except as expressly admitted, the allegations of Paragraph 11 are denied.

12. SunEnergy1 admits that Hartford provided it with the "Insurance Bill" referenced in the Complaint and attached thereto as Exhibit A. The "Insurance Bill" is a written document that speaks for itself. Except as expressly admitted, the allegations of Paragraph 12 are denied.

13. Denied.

14. Denied.

## Second Cause of Action

(Account Stated)

15. SunEnergy1 incorporates by reference the responses set forth in the proceeding paragraphs as if fully set forth herein.

16. SunEnergy1 has been unable confirm the amount Hartford claims SunEnergy1 owes as additional premiums and, accordingly, this allegation is denied.

17. SunEnergy1 admits that Hartford provided it with the "Insurance Bill" referenced in the Complaint and attached thereto as Exhibit A. The "Insurance Bill" is a written document that speaks for itself. Except as expressly admitted, the allegations of Paragraph 17 are denied.

18. SunEnergy1 admits that Hartford provided it with the "Insurance Bill" referenced in the Complaint and attached thereto as Exhibit A. The "Insurance Bill" is a written document that speaks for itself. Except as expressly admitted, the allegations of Paragraph 18 are denied.

19. SunEnergy1 admits that it has not paid the additional premiums that Hartford claims are owed under the "Inland Marine Insurance Policy" referenced in the Complaint. SunEnergy1 has been unable confirm the amount Hartford claims SunEnergy1 as additional premiums and accordingly, except as expressly admitted, the allegations of Paragraph 19 are denied.

20. Denied.

21. Denied.

**WHEREFORE**, Defendant SunEnergy1 prays:

(a) That this Court dismiss Hartford's claims with prejudice;

(b) That this Court award SunEnergy1 its attorneys' fees and that the costs of this action be taxed against Hartford; and

(c) That this Court award SunEnergy1 such other and further relief as the Court deems just and proper.

Dated: May 18, 2016

/s/Douglas M. Jarrell
Douglas M. Jarrell
N.C. Bar No. 21138
djarrell@robinsonbradshaw.com

Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704-377-2536
Facsimile: 704-378-4000

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jeremy A. Stephenson
jstephenson@mcnair.net
McNair Law Firm, P.A.
Two Wells Fargo Center
301 South Tryon Street, Suite 1615
Charlotte, NC 28282

| | |
|---|---|
| Dated: May 18, 2016 | /s/Douglas M. Jarrell |
| | Douglas M. Jarrell |
| | N.C. Bar No. 21138 |
| | djarrell@robinsonbradshaw.com |

Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:     704-377-2536
Facsimile:     704-378-4000

*Attorneys for Defendant*

8685456